Filed 5/1/14  P. v. Cianci CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLAN JOSEPH CIANCI,<br><br>    Defendant and Appellant. | A140221<br><br>(San Mateo County<br>Super. Ct. No. SC076123A) |

Allan Joseph Cianci appeals from denial of a series of postconviction motions in general seeking modification of his state prison sentence.  Appointed counsel has filed a brief explaining due process does not require *Anders*/*Wende* review.[1]  We agree and dismiss the appeal as abandoned in accordance with *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).

### FACTUAL AND PROCEDURAL BACKGROUND

An information was filed on July 23, 2012, charging defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 6), and five misdemeanors:  battery on a peace officer (Pen. Code, § 243, subd. (b); count 2); two counts of resisting arrest (Pen. Code, § 148, subd. (a)(1); counts 3 and 4); and two counts of possession of drug paraphernalia (Health & Saf. Code, § 11364.1; counts 5 and 7).  It was further alleged defendant suffered one prior conviction prohibiting probation (Pen.

---

[1] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Code, § 1203, subd. (e)(4)), two state prison priors (Pen. Code, § 667.5, subd. (b)) and one prior strike conviction (Pen. Code, § 1170.12, subd. (c)(1)).

On March 19, 2013, pursuant to a negotiated disposition, defendant pled no contest to possession for sale of methamphetamine and one count of resisting arrest. He admitted the prior strike conviction. Under the plea agreement, defendant was referred to probation with a promise he would receive no more than 32 months in state prison, and the court would consider defendant's *Romero*[2] motion.

The court subsequently denied defendant's *Romero* motion and sentenced him to the low term of 16 months on the possession for sale of methamphetamine offense, doubled pursuant to the strike prior conviction, for a total of 32 months in state prison.

In a letter dated July 29, 2013, entitled "Request for Sentence Modification for a Chance to Save My Life," defendant in pro. per. asked for a chance to attend a long-term drug rehabilitation program in lieu of state prison. The court thereafter replied to defendant advising him "by law a [California Department of Corrections and Rehabilitation] sentence is not modifiable to a drug treatment program" and denied the request. The court suggested defendant "explore entering such a program" upon his release from prison.

A little over a month later, defendant in pro. per. submitted another petition signed on September 5, 2013, entitled "Petition For Application For Goodtime, Worktime Credits That Was Waived By Three Judge Federal Court to Release Inmates." He sought to have good time and work time credits applied retroactively, "Per The Three Judge Federal Court Panel who waived any restrictions on 'such statutes' to deny or limit such credits in order to allow prison population reduction as this overcrowded prison system violates the 8th Amend. Rights Preventing Adequate Medical and Mental Health Care."[3]

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[3] It appears defendant was referring to *Coleman v. Brown,* case No. CIV S-90-0520, in which the United States District Court ordered the California Department of Corrections and Rehabilitation to reduce the state prison population.

Defendant filed another motion for "Reconsideration and Modification of Sentence For Drug Program" on October 4, 2013, again asking the court for a modification of his sentence to a drug rehabilitation program relying on the federal decision regarding overcrowding in the state prison system. He also indicated that prior to the imposition of his state prison sentence, he had been accepted into, and participated in "Our Common Ground" drug program. Attached to this motion was a letter from Our Common Ground, Inc. verifying defendant had been in the program and fit the criteria for acceptance back into the program.

The trial court in a written "ORDER OF DENIAL," filed October 30, 2013, denied defendant's request for work and good time credits to be applied retroactively as well his request for modification of his sentence to participate in "Our Common Ground" drug program.

On November 8, 2013, defendant in pro. per. filed a notice of appeal from the order of denial. Counsel for defendant was appointed on January 3, 2014.

## DISCUSSION

Due process does not require *Anders*/*Wende* review other than in the first appeal of right from criminal conviction.

In *Serrano,* the Sixth District Court of Appeal held that a defendant is entitled to *Wende* review in "a first appeal of right" from a criminal conviction but is not entitled to such review "in subsequent appeals, including collateral attacks on the judgment." (*Serrano, supra*, 211 Cal.App.4th at p. 503.) The *Serrano* court concluded such a subsequent appeal must be dismissed as abandoned if neither the defendant nor appointed counsel raises any claims of error. (*Id.* at pp. 503–504.)

We begin with a brief history of the *Wende* procedure, which was fashioned to protect an indigent defendant's federal constitutional right to effective assistance of counsel in the first appeal of right from a conviction. (*People v. Kelly* (2006) 40 Cal.4th 106, 117–118; *Serrano*, *supra*, 211 Cal.App.4th at pp. 499–500.) The federal Constitution does not require states to provide such an appeal, but if a state provides one, the state must ensure indigent defendants are provided with effective assistance of

3

counsel.  (*Douglas v. California* (1963) 372 U.S. 353, 356; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 554 (*Finley*).)

In *Anders, supra*, 386 U.S. 738, 741, 744, the United States Supreme Court held that effective assistance of counsel cannot be assured when court-appointed appellate counsel is allowed simply to move to withdraw when unable to identify any meritorious issue.  Instead, assuring effective assistance requires that appointed counsel at least submit "a brief referring to anything in the record that might arguably support the appeal" to facilitate an independent review by the court.  (*Id.* at p. 744.)  In *Wende,* our Supreme Court adopted a "modified procedure" to fulfill the requirements of *Anders.*  (*Kelly, supra*, 40 Cal.4th at p. 118; *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

The United States Supreme Court has refused to extend *Anders* to appeals of decisions in postconviction proceedings because it has never recognized a constitutional right to effective assistance of counsel in those appeals:  "The holding in *Anders* was based on the underlying constitutional right to appointed counsel established in [*Douglas v. California*, *supra*, 372 U.S. 353]. . . . *Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel. [¶] . . . We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."  (*Finley*, *supra*, 481 U.S. at pp. 554–555.) Applying *Finley*, our Supreme Court has held that *Anders* does not require independent review in appeals from conservatorship proceedings or dependency proceedings because such appeals are not first appeals of right from criminal convictions.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535–537; *In re Sade C.* (1996) 13 Cal.4th 952, 982–983.) It is thus settled that *Anders* does not require independent review in appeals other than first appeals of right from criminal convictions.

Here, defendant's notice of appeal is not a first appeal of right from a criminal conviction.  Instead defendant challenges the court's October 30, 2013 postconviction

4

order denying his request that good and work time credits be applied retroactively and for modification of his sentence to participate in a drug program.

The brief filed by counsel complies with the requirements set forth in *Serrano*. Following the procedure set forth in *Serrano*, we notified defendant of his right to file a supplemental brief raising any substantive issues. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) He has not done so. Therefore, "we dismiss the appeal as abandoned." (*Id.* at p. 498.)

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.